UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DON A. PAYNE | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| OFFICE OF THE ATTORNEY | § | SA-10-CV-0664 OG |
| GENERAL, STATE OF TEXAS | § | |
| CHILD SUPPORT DIVISION; | § | |
| CORDELIA L. RAMON, Individually; | § | |
| GREG ABBOTT, in his Official | § | |
| Capacity as Attorney General; | § | |
| ALICIA G. KEY, in her Official | § | |
| Capacity as Deputy Attorney General | § | |
| for Child Support, | § | |
| | § | |
| **Defendants.** | § | |

## SHOW CAUSE ORDER

The matters before the court are plaintiff Don A. Payne's request to proceed in forma pauperis[1] and his request for appointment of counsel.[2] In determining whether to appoint counsel and whether to direct service on defendants, the court must consider the merits of the plaintiff's claims.[3] Payne's motions and his proposed complaints challenge the procedures used by the Office of the Texas Attorney General in calculating the amount of child support arrearages and a state-court order directing the Social Security Administration (SSA) to withhold Disability Insurance Benefits (DIB) for child-support arrearages. Challenging a state-court order is barred by the

---

[1] Docket entry # 1.

[2] Docket entry # 2.

[3] *See Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991) ("A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact.").

*Rooker-Feldman* doctrine.  This order directs Payne to show cause why his case should not be dismissed on that basis.

Under the *Rooker-Feldman* doctrine, a federal court lacks jurisdiction to entertain a collateral attack on a state-court order.[4]  "When issues raised in a federal court are 'inextricably intertwined' with a state judgment and the court is 'in essence being called upon to review the state-court decision,' the court lacks subject matter jurisdiction to conduct such a review."[5]  "The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation 'federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s].'"[6]

Payne styled his complaint as a civil rights lawsuit under 42 U.S.C. § 1983.[7]  In his proposed original complaint, Payne complained about "the Child Support Division[] lack of procedures to ensure guaranteed procedural safeguards to dispute the existence or amount of arrearages, including the absence of a file stamp system to show receipt of all contested document[], as unconstitutionally burdensome, in violation of the equal protection under the Fifth and Fourteenth Amendments to the United States Constitution, and laws of United States."[8]  Payne complained further about having been "named a party before the Child Support Division of the

---

[4] *See Liedtke v. St. Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

[5] *Davis v. Bayless,* 70 F.3d 367, 375-76 (5th Cir. 1995).

[6] *Liedtke*, 18 F.3d at 317.

[7] Proposed original complaint, ¶ 12 ("This is an action under 42 U.S.C. § 1983 to correct the deprivation of rights under color of law."); proposed amended complaint, p. 3 ("NOW COMES Don A. Payne individual, hereinafter called Plaintiff, complaining of and about the above listed Defendants, who, together their actions and failures to act, have deprived Plaintiff of protected civil rights under color of law.").

[8] Proposed original complaint, pp. 1-2.

State of Texas."⁹  Payne alleged that "Defendants, acting separately, jointly, and/or together failed to meet the essential standard of fairness under the Due Process Clause, by its issuance of an Order to withhold income for child support before reviewing Plaintiff's dispute of the existence or amount of those arrearages."¹⁰  As relief, Payne asked the court to "declare the CHILD SUPPORT DIVISION [and the other named defendants] violated Fifth and Fourteenth Amendment rights of the Plaintiff."¹¹  In the proposed amended complaint, Payne complained about the issuance of an Order/Notice to Withhold Income for Child Support and the seizure of half of his Social Security Disability Insurance.¹²  These issues are inextricably intertwined with a state-court order directing the SSA to withhold Payne's DIB for child-support arrearages because that order serves as the basis for Payne's claims.  The relief Payne seeks—declaring that the Child Support Division violated Payne's Fifth and Fourteenth Amendment rights—requires the court to review the state-court Order/Notice to Withhold Income for Child Support.  Under the *Rooker-Feldman* doctrine, a federal court lacks jurisdiction to review a state-court order.

Although Payne contended he "should have the right to Challenge, under 42 U.S.C. § 1983, to challenge [sic] the issuance of the Order/Notice to Withhold Income for Child Support,"¹³ casting allegations about a state-court order as civil rights violations does not overcome the lack of jurisdiction.¹⁴  "Errors in state cases should be reviewed and settled through the state appellate

---

⁹*Id*. at p. 2.

¹⁰*Id*. at p. 5, ¶ 13.

¹¹*Id*. at p. 8, ¶ 21A.

¹²Proposed amended complaint, pp. 2 & 4.

¹³*Id*. at pp. 4-5.

¹⁴*Accord Chasez v. Powell*, No. 1:07CV929 LG-JMR, 2008 WL 591941, at * 2 (S.D. Miss. Feb. 28, 2008) (explaining that because plaintiff's civil rights and conspiracy claims challenged the state-

process."[15]

Because Payne's allegations indicate this case is barred by the *Rooker-Feldman* doctrine, I direct Payne to show cause and explain why this case should not be dismissed. I ORDER Payne to respond to this order in writing not later than **September 3, 2010**. If Payne fails to respond to this order by **September 3, 2010**, I will deny the pending motions and recommend to the district judge that this case be dismissed for failure to comply with a court order and for failure to prosecute.[16]

**SIGNED** on August 23, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

court decisions that plaintiff owed child support, had failed to pay child support, and was subject to sanctions were barred by *Rooker-Feldman*); *Laskowski v. Attorney Gen. of Tex.*, No. CIVA H-05-1428, 2006 WL 2479101, at * 3 (S.D. Tex. Aug. 25, 2006) (determining that plaintiff's allegations about violations of his Fifth and Fourth Amendment rights arising from Texas child support proceedings and his challenge about the constitutionality of the Texas child support system were barred by the *Rooker-Feldman* doctrine).

[15]*Chasez*, No. 1:07CV929 LG-JMR, 2008 WL 591941, at * 2. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923) ("If the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction."); *Tal v. Hogan*, 453 F.3d 1244, 1257 (10th Cir. 2006) (about a state-court land dispute, stating, "In *Rooker*, the Court specifically stated that errors in state cases should be reviewed and settled through the state appellate process."). Chapter 158 of the Texas Family Code provides the procedures for challenging Texas state orders to withhold income for child support.

[16]*See* Fed. R. Civ. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").